

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Olan R. Van Zandt
County Attorney
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. O-7081

Re: Does the Commissioners
Court have the authority
to rescind the appointment
of a deputy constable made
in compliance with Article
6897a, V.A.C.S, and related
questions?

From your letter requesting our opinion upon the above captioned matter, we quote in part as follows:

"1st.
Does the Commissioners' Court have the authority to rescind the appointment of a Deputy Constable made in compliance with Article 6879a, Vernon's Annotated Statutes?

"2nd.
The precinct officers of Grayson County, Texas, are on a fee basis. If a Constable in Grayson County fails to petition the Commissioners' Court of Grayson County in January, 1946, under the provisions directed under Article 3902 of Vernon's Annotated Statutes for a Deputy Constable, does his failure to so petition terminate the appointment of his Deputy theretofore authorized by the Commissioners' Court?

"3rd.
The petition to appoint a Deputy and the consent of the Commissioners' Court thereon was for no certain time. At what time in view of the above facts would an appointment be terminated?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Olan R. Van Zandt, Page 2

You enclosed a letter to you from J. N. Dickson, County Judge, which reads in part as follows:

"For your information:
Walter Self was duly elected Constable of Justice Precinct No. 6, Grayson County at the General Election of November 7, 1944, and qualified as said Constable on January 1, 1945. Under Article 6879 a RCS, said Constable would be entitled to one deputy upon compliance with the statutes in making request therefor. Vo.5, Page 124 Commissioners' Court minutes of Grayson County has recorded thereon the request of Walter Self for a deputy constable and the Courts approval thereof and reads as follows:
"'November 1, 1945
Court in Special Session on this the 1 day of November, A.D. 1945,
                                        "'Whitesboro, Texas
                                        October 20, 1945

"State of Texas
County of Grayson

"To the County Commissioners of Grayson County.
This is to certify that I am in need of a deputy Constable to help enforce the law in my Precinct and would respectfully ask you to appoint J. W. Kanaday as my deputy.

"This appointment will meet the approval of Justice of Peace here.
                                        Walter Self
                                        Constable Preot. 6

"Approved by C. L. Simpson,
        /s/ C. L. Simpon'"

After due consideration by the Court the above application is granted'.

"In view of the above facts:

"(1) Does the Commissioners Court have authority to rescind the appointment of said deputy Constable, J. W. Kanady?

"(2) The Constable, Walter Self, is compensated by fees of office and not from the Officers Salary fund.

If he does not petition the Commissioners Court as provided in Art. 3902 R.C.S. for a deputy Constable for 1946--Would the fact that he did not petition during January 1946 void the deputation of deputy, J. W. Kanady and would he be without authority to act as deputy constable until a request was made to the Commissioners Court and said request approved by the Court?

"(3)  The petition to appoint a constable was for no certain time as shown heretofore.  At what time, in view of the above facts, would his appointment be terminated?"

Article 3902, V.A.C.S., as amended in 1931 by House Bill No. 434, Ch. 214, reads in part, as follows:

"Article 3902.  Whenever the county judge, sheriff, county clerk, county attorney, district clerk, tax collector, tax assessor, justice of peace and <u>constable</u> shall require the services of deputies or assistants in the performance of his duties, he may apply to the county commissioners court of his county for authority to appoint such deputies or assistants, setting out by sworn application the number needed, the position sought to be filled, and the amount to be paid.  Said application shall be accompanied by a statement showing the probable receipts and disbursements of the office;. . . ."

This amendment was approved May 26, 1931.

House Bill No. 850, Ch. 280 was passed by the 42d Legislature on the following day.  This act was later incorporated in Vernon's Statutes as Article 6879a and 6879b and reads, in part, as follows:

"Section 1.  The duly elected constable in each justice precinct having a city or town of less than eight thousand (8000) population according to the preceding Federal census may appoint one (1) deputy and no more; and each justice precinct having a city or town of eight thousand (8000) and less than forty thousand (40,000) population according to the preceding Federal census may appoint two (2) deputies and no more; and in each justice precinct having a town or city of forty thousand (40,000) population or more according to the preceding Federal census may appoint five (5) deputies and no more, and each and every instance said deputy constables shall qualify as required of deputy sheriffs.

"Sec. 2. When the constable in each and every instance named and described in the preceding section of this act shall desire to make appointment of a deputy or deputies, as the case may be, said constable shall first make written application to the commissioners court of his county showing that it is necessary for such constable to have the deputy or deputies requested in order to properly handle the business of his office originating in the precinct in which such constable has been elected, giving the name of each proposed appointee; and if the commissioners court shall find that the constable is in need of the deputy or deputies requested to handle the business originating in his precinct, then and in that event, and in that event only, the commissioners court shall approve and confirm the appointment of the deputy or deputies provided by this act."

House Bill No. 850 would control over House Bill No. 434 as to the appointments of deputy constables, for the reason that it is a special law dealing solely with such appointments, while House Bill No. 434 is a general law dealing with the appointments of deputies and assistants to county and precinct officers. Further House Bill No. 850 was passed subsequently to House Bill No. 434.

In 1935 at the 2nd called session of the 44th Legislature Senate Bill No. 5, Ch. 465, in placing district, county, and precinct officers on a salary basis, and in prescribing their compensation, amended Article 3902 and therein prescribed the maximum salary to be paid deputies, assistants, and clerks in counties according to various population brackets. The same act, after providing that:

"In all counties in this State such precinct officers shall continue to be compensated for their services on a fee basis until the Commissioners' Court shall have determined otherwise in accordance with the provisions of Section 2 of this Act." Then provided:

". . . .

"In counties in which precinct officers are paid a salary as compensation for their services, such officers desiring to appoint one or more deputies or assistants shall make application to the Commissioners' Court for authority to appoint such deputy or deputies, in the manner and form prescribed for applications for deputy county officers by Article 3902, Revised Civil Statutes 1925, as amended within the provisions of this Act|. . ." (Emphasis added)

Honorable Glen R. Van Zandt, Page 5

Such act further provided:

"(h) Whenever any district or county officer, or precinct officer when such officer is compensated on a salary basis, with the exception of district attorneys and criminal district attorneys, shall require the services of deputies, assistants, and employees in the performance of his duties he shall apply to the Commissioners' Court for authority to appoint such deputies, assistants, and employees, stating by sworn application the number needed, the position to be filled, the duties to be performed, and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions, and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants, and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper;. . . ."(Emphasis added).

Thus, it is seen that in counties wherein the precinct officers are on a fee basis the provisions of Article 3902 requiring the application for the appointment of a deputy constable to be by sworn application and stating the amount to be paid and accompanied by a statement showing the probable receipts and disbursements of the office, is not applicable, and that in such counties the constable would merely have to follow the provisions of said Article 6879a which provides that the constable shall make written application to the Commissioners Court of his County showing that it is necessary for such constable to have the deputy or deputies requested in order to properly handle the business of his office.

The case of the Sheriff of Salt Lake County v. Board of Commissioners of Salt Lake County (Sup. Ct. of Utah, 1928) 268 Pac. 783, involves the power of the County Commissioners' Court of Salt Lake County to suspend or remove from office deputies of the county against their will and that of the sheriff. In that case the court said:

"When the term or tenure of a public officer
is not fixed by law, the general rule is that the
power of removal or suspension, unless controlled
by statute, is an incident to the power of appoint-
ment. In such case the office is held during the
pleasure of the authority making the appointment,
and in the absence of a statute on the subject no
notice or charges or hearings are required for the
suspension or removal by the authority appointing
the officer. 22 R. C. L. 562-576. The appointment
of the deputies here was not for any fixed or stated
term or period. What divides the parties is this:
The commissioners contend that the appointing power
was with them and that they, in legal effect, appoint-
ed the deputies, and hence that they had the authority
to summarily suspend or remove them at pleasure with
or without cause; that the sheriff and the deputies
dispute and urge that the power of appointment and
summarily to suspend or remove the deputies rested
with the sheriff, so long as the office itself was
not abolished or that the purpose or necessity for
which the deputies were appointed no longer existed,
a matter not here claimed or involved. That is to
say, the deputies were not suspended or removed for
any reason that the purpose or necessity for which
they were appointed no longer existed, or had ceased.

"The statute, section 1461, Comp. Laws Utah 1917,
provides that 'every county . . . officer . . . may,
by and with the consent of the board of county com-
missioners, appoint as many deputies and assistants
as may be necessary for the prompt and faithful dis-
charge of the duties of his office,'. . .

"Ther sheriff's office is an elective office of
the county, as is also the office of a county com-
missioner, and is a co-ordinate office or branch of
our county government. His powers and duties are
prescribed by statute and are similar to those gen-
erally prescribed by other western states. In per-
forming them, he, generally speaking, acts independ-
ently of the board of county commissioners except as
otherwise restricted and specified by statute. Except
by and with the consent of the board of county com-
missioners he may not make a binding or completed appoint-
ment of a deputy or deputies, and until such consent is

Honorable Glen R. Van Zandt, Page 7

had and such deputy has taken the oath of office,
he, in law, is not a deputy and may not act or
perform official functions or offices as such.
While the matter may not be entirely free from
doubt, yet we are of the opinion that proper con-
struction and interpretation of section 1461 is
that it is the county officer, here the sheriff,
who appoints his deputy or deputies, but that such
appointment does not become effective or binding
until consented to by the board of county commis-
sioners and the person so appointed has taken the
oath of office; and therefore, whatever summary
power of suspension or removal of a deputy may be
exercised is to be exercised by the sheriff and
not by the board of county commissioners, . . . .
Such view is also in harmony with the provisions of
the section that 'any officer appointing any deputy
shall be liable for all official acts of such deputy,'
which is in recognition of the principle 'that those
in charge of and responsible for administering func-
tions of government, who select their executive sub-
ordinates, need in meeting their responsibility to
have the power to remove those whom they appoint'
(Myers v. United States, supra). Certain it is
that the board of commissioners is not nor are any
of its members in any sense civilly or otherwise
liable for the official acts of a deputy sheriff
but the sheriff is so civilly liable . . . ."

In the case of Murray v. Harris (Amarillo Court of Civil
Appeals, 1938) 112 S. W. 1092, the court said at page 1093:

"The statute conferring upon the sheriff the
power to appoint deputies fixes no definite term
of office, but provides that the tenure shall be
at the pleasure of the sheriff, which is tantamount
to a provision that both the appointment and tenure
are discretionary with him . . ."

We therefore answer your questions as follows:

1. The Commissioners Court does not have the authority
to rescind the appointment of a deputy constable made in compliance
with Article 6879a V. A. C. S. The constable makes the appointment
and is the only person who can discharge him.

2. We answer your second question to the effect that
the failure of the constable to petition the Commissioners Court
in January 1946 does not terminate the appointment of his deputy
theretofore authorized by the Commissioners Court. A deputy con-
stable is appointed for no certain time, serves at the pleasure of

the constable, or until the expiration of the term of office of the constable.

3. Your third question is answered to the effect that an appointment made by a constable will only terminate upon the following contingencies:

    a. Being discharged by the Constable.
    b. At the expiration of the Constable's term of office.
    c. By resignation of the Constable.
    d. By the death of the Constable.
    e. By resignation of the deputy.
    f. By death of the deputy.
    g. By a judgment of ouster by a district court in a quo warranto proceeding instituted by the County Attorney to test the validity of the appointment.

We trust the above and foregoing fully answer your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    _W. V. Geppert_
     W. V. Geppert
     Assistant

By    _David Wuntch_
     David Wuntch
     Assistant

APPROVED MAY 18, 1948
FIRST ASSISTANT
ATTORNEY GENERAL

WVG:ms

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE